[Parmer's Adm'r v. Parmer.]

# Parmer's Adm'r *v.* Parmer.

*Bill in Equity to have Absolute Deed declared Mortgage, and for Redemption and Account.*

1. *Limitation of suit.*—A bill in equity which seeks to have a deed, absolute on its face, declared a mortgage, and for a redenption and account under it, is not barred until the lapse of ten years has given repose to the title of the grantee and mortgagee.

2. *Mortgage, or conditional sale.*—Where the purchaser of land, not having paid the purchase-money, induces a third person to advance the money for him, and to take a deed to himselt from the vendor as security, the transaction is a conditional sale, as between them, and not a mortgage; but, if the purchaser has a complete equitable title, having paid the purchase-money, and takes a conveyance from his vendor to a creditor, as security for a debt, the deed may be declai ed and enforced in equity as a mortgage only.

3. *Partial relief under bill praying more.*—A complainant in equity may have a decree for partial relief, not variant from the allegations and prayer of his bill, although he fails to make out his whole case; as where he seeks to have an absolute conveyance declared a mortgage, and for a redemption and account under it, and the evidence shows that he only had an undivided half interest in the property, the other half belonging to his wife.

APPEAL from the Chancery Court of Butler.
Heard before the Hon. JOHN A. FOSTER.

RICHARDSON & STEINER, for appellant.

STALLINGS & WILKINSON, *contra.*

McCLELLAN, J.—The case made by the averments of the bill is substantially this: H. A. Parmer, the complainant, and Susan Parmer, his wife, held a perfect equity in the land in controversy, the legal title being in Mrs. Allen. The complainant was indebted to W. K. Parmer in the sum of $610, and for the purpose of securing the payment of this sum, he procured a deed to be made by Mrs. Allen to W. K. Parmer, and took from the latter an agreement to convey the land to him, H. A. Parmer, upon the payment of said debt. This was in 1873. Three years afterwards, that is, in 1876, complainant and his wife continuing in possession meanwhile, W. K. Parmer entered without the consent of H. A. Parmer, or his wife, the other tenant in common, and has

35

[Parmer's Adm'r v. Parmer.]

since held the premises.    In 1884, the present bill was filed by H. A. Parmer and Susan Parmer, against W. K. Parmer, and was subsequently amended by striking out the name of Susan Parmer as a complainant, and making her a defendant; and W. K. Parmer having died, the cause was revived against his representative and heirs.    The bill proceeds on the theory, that the deed from Mrs. Allen to W. K. Parmer, made at the instance of the complainant, conveying land to which he and his co-tenant had an equitable title, and intended solely to secure the payment of the debt, is in truth and in fact only a mortgage in equity; and the prayer is, that it be declared an equitable mortgage—that defendants be decreed to account for the rents and profits received while in possession; and if, upon such an accounting, any balance be found due, that he be let in to redeem, the alleged deed be cancelled, &c.

The demurrers set up the defense of staleness of demand, the statute of limitations of ten years, and the further special defense, that the bill shows complainant had only an undivided half interest in the land, but seeks to redeem, not only that interest, but the whole of the property, and to have the rents of the whole interest accounted for.

We do not understand that the bill, in any sense, seeks to have W. K. Parmer's agreement to convey specifically performed.    Its sole purpose, so far as that agreement is concerned, is to have it considered, with the deed of Mrs. Allen, as giving to that instrument the defeasible character which shows it to have been a mortgage, and not, as it would appear if considered alone, an absolute conveyance.    We have no difficulty in concurring with the chancellor, that the allegations of the bill clearly invest the conveyance with that character, and that the defendant's rights and duties are those simply of a mortgagee in possession before foreclosure.    A bill to redeem, under this state of things, may be filed at any time before the statutory bar of ten years gives repose to the title of the mortgagee.—*Byrd v. McDaniel*, 33 Ala. 18; *Coyle v. Wilkins*, 57 Ala. 108; *Mewburn v. Bass*, 82 Ala. 622.

The present case is distinguishable from the cases of *Mosely v. Mosely*, 86 Ala. 289, and *Ashurst v. Micou*, 55 Ala. 607, where the transactions were held to be conditional sales, on two grounds: *first*, that the complainant here had a perfect equity, having fully paid the purchase-money, whereas, in each of those cases, the party who claimed as mortgagor, and was held to be a vendor on condition, had not

[Parmer's Adm'r v. Parmer.]

paid for the land, and hence did not have an equitable title ; and *second*, in those cases, there was no independent debt between the original vendee and the person to whom the original vendor conveyed the premises with a defeasance in favor of the vendee, when in this case there was an independent debt, which was not paid, but continued to be a subsisting liability, with the conveyance as a mere security for its payment. This last fact is usually one of the decisive tests, by which the question whether the relation of mortgagor and mortgagee exists between the parties.—*Vincent v. Walker*, 86 Ala. 333.

The relation of mortgagor and mortgagee, existing on this state of facts between H. A. and W. K. Parmer, does not extend to Susan Parmer, the wife of the former. Her undivided half interest in the land did not pass under the mortgage, for the two reasons—either one of which is sufficient—that she was not a party to the arrangement under which Mrs. Allen executed the conveyance; and that the mortgage, being to secure the debt of her husband, would have been void as to her interest, under the statute then in force, even had she formally executed it, the land presumably being a part of her statutory separate estate.—*Steed v. Knowles*, 79 Ala. 446. The mortgage, therefore, embraces only the complainant's undivided half-interest, and his prayer to redeem the whole property, if indeed it is at last any more than a prayer to be let in to raise the mortgage off the premises in so far as it is really an incumbrance on any part thereof, or interest therein, which we do not decide, may be for broader relief than he is entitled to; but, on the facts alleged, he is clearly entitled to some part of the relief he asks, and the fact that he is not entitled to all that is prayed is no reason for denying him that part. The same observation will apply with respect to the rents and profits of the undivided half-interest which belonged to his wife, even if it be conceded that these, under the particular facts of this case, did not belong to the husband, as to which it is not necessary that we should express an opinion.—*Munford v. Pearce*, 70 Ala. 452.

There was no error in the decree overruling the demurrers, and it is affirmed.