# Hammett *v.* White.

*Bill in Equity to declare Deed a Mortgage, and to
Redeem.*

1. *Deed; equity of bill to have deed declared a mortgage and to
   redeem.*—In a bill filed to have a deed declared a mortgage
   and to be allowed to redeem the lands conveyed therein, the
   following facts were averred: Said deed was executed to
   the defendant for the sole purpose of securing a loan made
   to complainant, and promissory notes, called rent notes,
   were given for like consideration, the defendant agreeing
   that payment of such notes should be considered as pay-
   ment on the loan and not for the use of the land. There
   were other facts averred showing that it was intended by
   both parties that the deeds as executed should operate only
   as a mortgage. The complainant had never surrendered pos-
   session of the land and was in possession at the time of the
   filing of the bill. *Held:* Such transaction did not consti-
   tute complainant a tenant of defendant, nor did it estab-
   lish a relation between them which estopped the complain-
   ant, though in possession of the land, to maintain said bill.

2. *Equity jurisdiction; tender as prerequisite of bill to redeem.*
It is not essential to the equity of a bill filed to have a
deed declared a mortgage and to be allowed to redeem the
lands conveyed therein, that it should allege a previous
tender of the sum admitted to be due on the alleged mort-
gage, nor that such sum should be brought into court on the
filing of the bill.

APPEAL from the Chancery Court of Coosa.

Heard before the Hon. R. B. KELLY.

The bill in this case was filed by J. T. White, the ap-
pellee, against the appellant, C. W. Hammctt.

It was averred in the bill that the complainant bor-
rowed from the defendant a sum of money, and to secure
the payment of the same, he executed to the defendant
an absolute deed to certain lands specifically described,
upon the express understanding and agreement with the
defendant that he would reconvey said lands to the com-
plainant upon the payment of the money loaned, when
the same fell due, "or at any other time when said pay-
ment was made"; and that he would make to the com-
plainant a bond for title to reconvey said lands to him;
that under this agreement the money was loaned, the
deed was executed by the complainant and his wife, and
the defendant executed to him a bond for title to recon-
vey said lands upon the payment of the loan; that subse-
quently he borrowed an additional sum from the com-
plainant with the understanding that the deed should
stand as collateral security for the payment of said sum,
and as additional security he gave to the defendant prom-
issory notes which show that they were given for the
rent of said lands, but that in fact they were to secure
the repayment of the money so borrowed. It was then
averred that before the filing of the bill, the complainant
tendered to the defendant the full amount due him, in-
cluding interest and all costs, and demanded that he
should reconvey to him said land, but that the defend-
ant refused to receive the money or to reconvey the
lands. It was further averred in the bill that the com-
plainant never surrendered possession of the lands to
the complainant, but continued to hold them and was
in possession at the time of the filing of the bill. He

[Hammett v. White.]

then offered to pay whatever amount may be ascertained to be due from him to the complainant, and submitted himself to the jurisdiction of the court.

The prayer of the bill was that the deed executed by him to the defendant be declared a mortgage, and that he be allowed to redeem by paying the amount ascertained to be due the defendant. The defendant moved to dismiss the bill for the want of equity, and also demurred to the bill upon several grounds, which were substantially as follows: 1st. Said bill does not make a tender of the amount due the respondent, and does not show that the tender of the lawful amount due it had been made. 2d. The bill is an effort by a tenant to repudiate a tenancy without first surrendering the possession to the landlord. 3d. The bill shows on its face that complainant, at the time of the filing of the bill, occupied the position of tenant of the premises to the respondent as landlord, and it does not appear that he surrendered the premises and severed that relation before the filing of the bill. 4th. Said bill does not show affirmatively that at the time it was filed the complainant occupied such relation to the respondent as to enable him to file such bill and obtain the relief prayed for.

On the submission of the cause upon the motion and the demurrer, the chancellor rendered a decree overruling each of them. From this decree the defendant appeals, and assigns the rendition thereof as error.

W. T. EDWARDS and DRYER & WEBB, for appellant. Before a tenant can be heard to set up or assert an outstanding title, adverse to that of his landlord, he must ordinarily first surrender the possession of the premises and regain it afterwards, if he so desires, by action. The landlord can only be required to litigate upon the vantage ground of possession.—*Houston v. Farris*, 71 Ala. 572; *Caldwell v. Smith*, 77 Ala. 157; *Norwood v. Kirby*, 70 Ala. 400.

F. L. SMITH, *contra*.

[Washington, Admr. v. Norwood,]

SHARPE, J.—*Prima facie,* the bill shows the deed from complainant to defendant was given and accepted for the single purpose of securing a loan; that the so-called rent notes were given upon a like consideration, it being agreed that payment thereof should be considered as payments on the loan and not for the use of land. The alleged transactions did not constitute complainant defendant's tenant, nor does it establish any relation which estops the complainant, though in possession of the land, to invoke the jurisdiction of equity which exists to declare the deed a mortgage and to redeem.

To ascertain the true intent and meaning of the several alleged agreements the chancery court will go behind the writings if enabled to do so by competent evidence.

It is not essential to the equity of the bill for it to allege a previous tender of the sum admitted to be due on the alleged mortgage, nor is it required that such sum be brought into court on the filing of the bill.—*McGuire v. Van Pelt,* 55 Ala. 344; *McCalley v. Otey,* 90 Ala. 302.

The decree will be affirmed at appellant's cost.

Affirmed.