(82 South. 101)

SMITH v. THOMPSON. (1 Div. 66.)

(Supreme Court of Alabama. May 22, 1919.)

1. MORTGAGES ⬾34—ABSOLUTE DEED — PAROL EVIDENCE.

In a court of law an agreement to allow redemption cannot, by parol, be ingrafted upon a deed absolute in terms.

2. MORTGAGES ⬾38(2)—CHARACTER OF CONVEYANCE—INTENTION OF PARTIES.

In a court of equity the character of the conveyance must be determined by the clear and certain intention of the parties.

3. MORTGAGES ⬾34 — ABSOLUTE DEED AS MORTGAGE — CONVEYANCE AS SECURITY FOR DEBT.

In equity, if there is a parol agreement between grantor and grantee whereby conveyance shall operate as security for a debt, it can and will operate only as a mortgage.

4. MORTGAGES ⬾296—RELEASE OF EQUITY OF REDEMPTION — UNDUE ADVANTAGE BY MORTGAGOR.

Where transaction operates to release mortgagor's equity of redemption, equity will not permit mortgagee to use his position of superiority to oppress the debtor or drive an unconscionable bargain, or take any undue advantages.

5. MORTGAGES ⬾608½—RELIEF—VARIANCE.

In grantor's action to cancel absolute deed upon ground that it was executed as security for payment of a debt, where prior to conveyance grantor had executed mortgage of premises to grantee, and the absolute deed had operated to release her equity of redemption, grantor is not entitled to relief by way of redemption as against a release of equity of redemption in absence of pleading that grantee as mortgagee had used his position of superiority to drive an unconscionable bargain.

6. MORTGAGES ⬾608½—ABSOLUTE DEED AS MORTGAGE—ACTION TO CANCEL—RIGHT OF REDEMPTION.

Where wife executed mortgage as security for husband's debt, and subsequently executed an absolute deed to creditor to secure the debt upon creditor's agreement that she might redeem within a certain period, there was no occasion, in wife's action to cancel the deed, to ask as alternative relief for right to redeem, the conveyance being in fact a mortgage, and the right to redeem being an inherent and essential characteristic of every mortgage.

7. EQUITY ⬾56 — SUBSTANCE OF TRANSACTION.

Equity invariably looks through form to substance.

8. MORTGAGES ⬾591(1)—RIGHT TO REDEEM.

The right to redeem is an inherent and essential characteristic of every mortgage.

9. HUSBAND AND WIFE ⬾171(6)—ABSOLUTE DEED AS MORTGAGE — SECURITY FOR HUSBAND'S DEBTS—VALIDITY.

A deed absolute in form executed by wife to husband's creditor as security for payment of husband's debt, under agreement giving wife the right to redeem within certain period, is the legal equivalent of an agreement that grantee should hold title as security for the payment of the debts, and is invalid under Code 1907, § 4497, providing that wife shall not become surety for husband.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill by Julia Q. Thompson against J. Virgil Smith. Decree for complainant, and defendant appeals. Affirmed.

See, also, 201 Ala. 633, 79 South. 195.

Gordon & Edington, of Mobile, and W. A. Gunter, of Montgomery, for appellant.

Lyons & Courtney, of Mobile, for appellee.

SAYRE, J. By her bill in this cause complainant, appellee, sought the cancellation of a conveyance she had made to appellant of certain lots in or near the city of Mobile. The conveyance in question was in form a deed without defeasance; but complainant averred, in effect, that it was intended to operate as a security for the debt of her husband, N. F. Thompson, and was therefore null and void under the statute (Code, § 4497). Defendant's contention was that the instrument expresses the whole agreement between the parties, and while it was not, or rather is not now, controverted that the property conveyed was the property of complainant or that the debt in consideration of which it was conveyed was the debt of complainant's husband, defendant contended that the instrument expresses the whole agreement between the parties; in other words, that the conveyance was made, not as a security in sort for the husband's debt, but as payment thereof, and that, if there was an agreement that complainant might redeem, that agreement was obnoxious to the statute of frauds.

<hr>

⬾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Complainant's husband being indebted to defendant, she had executed a mortgage of the property in question to secure that debt. Afterwards the husband obtained an additional sum of money from defendant, and thereupon complainant, in consideration of the sum of her husband's indebtedness aforesaid, executed the conveyance now under consideration.

Without entering upon a discussion of the evidence, we state our conclusion that, while defendant, for reasons of his own, desired that the new instrument should take the form of an indefeasible conveyance in fee, complainant, who had personal or direct communication with defendant, was, through her husband as her agent, given at the time to understand that she might "redeem" at any time within two years, and this conclusion is based in part upon any expressions of the defendant to that effect made subsequent to the execution of the instrument. This, we take it, was tantamount to an agreement of the parties that complainant should have the right to redeem.

[1-3] It is conceded that in a court of law an agreement to allow redemption cannot by parol be ingrafted upon a deed absolute in terms. Bragg v. Massie's Adm'r, 38 Ala. 89, 79 Am. Dec. 82. But it is well settled by the decisions of this court that:

"In a court of equity the character of the conveyance must be determined by the clear and certain intention of the parties; and, if there be an agreement between them that it shall operate as a security for a debt, it can and will operate only as a mortgage. The agreement may be expressed in the deed, or in a separate writing, or it may rest in parol." Harrison v. Maury, 157 Ala. 227, 47 South. 724.

Mayf. Dig. p. 200, § 122, cites Peagler v. Stabler, 91 Ala. 308, 9 South. 157, as holding that an agreement to allow redemption, as in the present case, cannot be shown by parol evidence. That was a case in which mortgagor and mortgagee had contracted with each other that a sale and conveyance of the mortgage property to the mortgagee should stand for a more formal foreclosure, as in Stoutz v. Rouse, 84 Ala. 312, 4 South. 170, and the opinion does contain the statement that the parties "may contract at the same time that the mortgagor may redeem or repurchase the property within two years, or within any reasonable specified time; but such agreement for the right to repurchase or redeem cannot rest in parol, or be established by parol evidence." In that case, it will be noted, the sale and conveyance stood for a "more formal foreclosure." Here there has been no foreclosure of any sort;

and in the case just quoted from the court said:

"By a long line of decisions it is fully established that a deed absolute on its face may be shown by parol to have been intended to operate as a mortgage."

[4-6] In facie this transaction operated in part as a release of complainant's equity of redemption, and it is familiar law that in transactions of the kind equity will not permit a mortgagee to use his position of superiority to oppress the debtor, or drive an unconscionable bargain, or take any undue advantages. Pearsall v. Hyde, 189 Ala. 86, 66 South. 665, and Shaw v. Lacy, 74 South. 933,[1] among our recent cases, illustrate this principle. This is mentioned because the bill and evidence show that complainant had made an offer to redeem. But the bill is not framed in a double aspect, nor, we apprehend, can relief by way of redemption as against a release of the equity of redemption be administered in the absence of averment appropriately invoking the principle last stated. Moreover, in view of the indisputably established facts already mentioned that the property conveyed was the property of complainant, and the debt in consideration of which it was conveyed was the debt of complainant's husband, there was no occasion for the averment of an alternative ground of relief, and upon these facts and upon the frame of the bill the averment and proof of the offer to redeem was wholly without office to perform.

[7-9] The only litigable question presented by the record is whether the conveyance in question was intended to operate as a mortgage. Equity invariably looks through form to substance. Lamkin v. Lovell, 176 Ala. 334, 58 South. 258. We have already expressed our opinion that the conveyance in dispute was with an agreement, in substance, that complainant might redeem. The right to redeem is an inherent and essential characteristic of every mortgage, and the agreement in this case, we think, was the legal equivalent of an agreement that defendant should hold the title as security for the payment of the debts which constituted the consideration upon which the instrument was executed, an agreement which, but for the statute (section 4497 of the Code), would have made appellant an equitable mortgagee. So viewed, the transaction is denounced by the statute, and the decree ordering the cancellation must be affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.

[1] 199 Ala. 450.