(95 South. 816)

### FOWLER v. HAGGINS. (8 Div. 462.)

(Supreme Court of Alabama. April 5, 1923.)

**1. Mortgages ⬅️32(3)—Equity may declare absolute deed a mortgage.**

A court of equity has jurisdiction to declare an instrument absolute on its face conveying unconditionally title to real or personal property, or both, a mortgage, and to permit the grantor to redeem upon averment and proof that the parties intended it to operate only as security for a debt.

**2. Mortgages ⬅️608½—Bill to declare deed mortgage must aver it was given as security for debt.**

A bill to have a deed absolute on its face declared a mortgage must aver the conveyance was given as security for a debt.

**3. Mortgages ⬅️608½—Bill to have deed declared mortgage sufficient.**

A bill to have deed absolute on its face declared mortgage, alleging that deed was not intended to act as absolute conveyance, but only as a mortgage securing payment of debt, *held* sufficient.

**4. Mortgages ⬅️33(5) — Instrument giving right to redeem shows deed a mortgage.**

Whenever a written instrument gives to and declares another has "the right to redeem the tract of land," this clearly indicates there exists between the parties an unpaid mortgage debt upon the land, or the land is held as security for a debt due by one to the other.

**5. Mortgages ⬅️38(2)—Clear and convincing evidence necessary to show deed a mortgage.**

One claiming that a deed is a mortgage must show by clear and convincing evidence that at the time of the original transaction it was intended and understood by both parties that the conveyance should operate only as a security for a debt.

**6. Mortgages ⬅️37(2)—That deed intended as mortgage shown by parol.**

That a deed absolute on its face was intended as security for a debt, and as a mortgage, may be shown by parol testimony.

**7. Mortgages ⬅️38(1)—Evidence held to show deed mortgage.**

Evidence *held* to show that a deed absolute on its face was intended as a mortgage.

**8. Limitation of actions ⬅️19(6)—Action to declare deed mortgage not barred for ten years.**

An action to have a deed absolute on its face declared a mortgage, and for redemption, is not barred until the lapse of ten years, the grantee being a mortgagee in possession before foreclosure.

**9. Mortgages ⬅️602—Money collected under contract by grantee in deed properly credited to grantor.**

In an action to have a deed declared a mortgage, proceeds from timber paid to the grantee while in possession of the land should be credited to the grantor.

Appeal from Circuit Court, Morgan County; Osceola Kyle, Judge.

Bill by M. L. Haggins against A. F. Fowler. Decree for complainant, and defendant appeals. Affirmed.

G. O. Chenault, of Albany, for appellant.

In this case, no time limit for repurchase being agreed upon, appellee would be entitled to repurchase within a reasonable time, by analogy two years. Comer v. Sheehan, 74 Ala. 452; Ezzell v. Watson, 83 Ala. 120, 3 South. 309; Alexander v. Hill, 88 Ala. 488, 7 South. 48, 16 Am. St. Rep. 23. If the appellee was entitled to allowance of credit for any timber, it was the value of the timber as standing, not the value after manufacturing and marketing. White v. Yawkey, 108 Ala. 270, 19 South. 360, 32 L. R. A. 199, 54 Am. St. Rep. 159; Warrior C. & C. Co. v. Mable Min. Co., 112 Ala. 624, 20 South. 918. There are no averments in the bill showing the existence of the relation of debtor and creditor, and demurrer for want of equity should have been sustained. Smith v. Smith, 153 Ala. 508, 45 South. 168; Thomas v. Livingston, 155 Ala. 546, 46 South. 851; Thornton v. Pinckard, 157 Ala. 206, 47 South. 289.

Sample & Kilpatrick, of Hartsells, for appellee.

The intention of the parties must determine whether or not the deed was to operate as a security for debt. Harrison v. Maury, 157 Ala. 227, 47 South. 724; Richter v. Noll, 128 Ala. 198, 30 South. 40; Jones v. Kennedy, 138 Ala. 502, 35 South. 465. If the deed was in fact a mortgage, the right of redemption provided for in the contract would exist for ten years. 1 Jones on Mortg. (6th Ed.) § 248. Under the written agreement the fee granted in the deed was made conditional. Smith v. Thompson, 203 Ala. 87, 82 South. 101; Irwin v. Coleman, 173 Ala. 175, 55 South. 492; Glass v. Hieronymus, 125 Ala. 147, 28 South. 71, 82 Am. St. Rep. 225. If Fowler be treated as a mortgagee in possession, without foreclosure, Haggins was not required to make tender at any time before filing the bill. Richter v. Noll, 128 Ala. 198, 30 South. 740; Hammett v. White, 128 Ala. 380, 29 South. 547.

MILLER, J. Bill in equity by M. L. Haggins against A. F. Fowler, to have a convey-

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ance of 46 acres of land, made by complainant to defendant, declared a mortgage, that complainant be allowed to redeem, and also an accounting for rents collected, together with the value of the timber cut and removed from the land.

Defendant demurred to the bill, and filed answer in the nature of a cross-bill, which sets up the conveyance was in lieu of a foreclosure of a mortgage on the land, held by one J. A. Bates, which defendant assumed, and that complainant under the written contract was entitled to redeem within two years from the execution of the conveyance, which complainant failed to do; that the written instrument failed to incorporate in its body the two-year limit, this being an error of the person drawing it; and defendant asks that the written instrument be reformed to include the two-year limit, and that it be decreed that complainant was not entitled to redeem because he had not done so within the two years. The ground of demurrer taking the point that Mrs. Lula C. Fowler was an improper party defendant, was sustained by the court, and she was stricken as a party defendant by amendment. The other grounds of demurrer were not directly passed on by the court, but merely by implication.

[1, 2] There is equity in the bill. A court of equity has jurisdiction to declare an instrument, absolute on its face, conveying, unconditionally, title to real or personal property, or both, a mortgage, and to permit the grantor to redeem upon averment and proof that the parties intended it to operate only as security for a debt (Richter v. Noll, 128 Ala. 198, 30 South. 740; Hammett v. White, 128 Ala. 380, 29 South. 547), but the bill must aver the conveyance was given as security for a debt (Smith v. Smith, 153 Ala. 504, 45 South. 168).

[3] The bill avers the deed was executed to and received by the defendant solely for the purpose of securing the defendant for the $710 advance or settlement, or for a transfer of the mortgage; that "the deed was not intended to act as an absolute conveyance, and was not executed or accepted for that purpose, but was and is in fact only a mortgage held by the respondents as security for said indebtedness, which indebtedness should be credited, as provided for in the contract set out in paragraph 3, with the timber, lumber, and rents as herein averred." The averments of this bill are sufficient to give it equity. Richter v. Noll, 128 Ala. 198, 30 South. 740; Hammett v. White, 128 Ala. 380, 29 South. 547; Smith v. Smith, 153 Ala. 504, 45 South. 168.

The court on final hearing on pleading and proof decreed complainant was entitled to the relief prayed for in the bill; that defendant was not entitled to the relief asked in the cross-bill; and the cross-bill was dismissed. The deed was held to be a mortgage, and

209 ALA.—12

complainant was allowed to redeem by paying the mortgage debt with interest. The court ordered a reference to find out and fix the amount with interest due on the mortgage, and to ascertain the amount and charge defendant with the reasonable rents of the land and value of the timber received by J. A. Bates under the Bates contract with complainant, and other matters not necessary to mention here.

The complainant and defendant were brothers-in-law; the defendant's wife was complainant's sister. The complainant owned 46 acres of land, and the defendant 40 acres adjoining.

Was the conveyance of the 46 acres executed by complainant and his wife for a recited cash consideration of $700 to the defendant intended by the parties to be a mortgage to secure a debt due J. A. Bates, assumed by defendant, as contended by the complaint, or was this deed intended as a foreclosure of the Kimbrough mortgage held by Bates, or was it a conditional sale by complainant to the defendant, with the right to repurchase within two years, as contended by the defendant? These questions must be answered from the evidence in this case.

Chief Justice Brickell, writing for the court in Turner v. Wilkinson, 72 Ala. 366, which is approved in Irwin v. Coleman, 173 Ala. 180, 55 South. 494, said:

"Although it is difficult to establish fixed rules, by which to determine whether a particular transaction is a mortgage, or a conditional sale, there are some facts which are regarded as of controlling importance in determining the question. Did the relation of debtor and creditor exist, before and at the time of the transaction? Or, if not, did the transaction commence in a negotiation for a loan of money? Was there great disparity between the value of the property, and the consideration passing for it? Is there a debt continuing, for the payment of which the vendor is liable? If any one of these facts is found to exist, in a doubtful case, it will go far to show a mortgage was intended. If all of them are found concurring, the transaction will be regarded as a mortgage, rather than a conditional sale, unless the purchaser, by clear and convincing evidence, removes the presumptions arising from them. Eiland v. Radford, 7 Ala. 724, 42 Am. Dec. 610; Robinson v. Farrelly, 16 Ala. 472; Locke's Ex'r v. Palmer, 26 Ala. 312; Crews v. Threadgill, 35 Ala. 334; Mobile Bldg. & Loan Ass'n v. Robertson, 65 Ala. 382."

P. G. Kimbrough paid a mortgage debt on the 46 acres of land due by M. L. Haggins, the complainant, to Cudd. The complainant thereafter, on April 2, 1915, executed a mortgage on this 46 acres of land to P. G. Kimbrough to secure the amount of $675.96 due him. J. A. Bates entered into a contract with complainant to manufacture into lumber the timber on this 46 acres of land, and erected a saw mill on it, and commenced

cutting the timber and manufacturing it into lumber under the contract. Kimbrough, the mortgagee of the land, notified Bates of his mortgage, and directed him to cease cutting trees. On January 19, 1917, P. G. Kimbrough transferred and assigned this mortgage and debt it secured to J. A. Bates for the sum of $610.

The complainant and his wife by warranty deed dated January 14, 1917, for a recited cash consideration of $700, conveyed this 46 acres to the defendant. The defendant paid complainant no cash, and there was no direct consideration passing from defendant to the complainant. The deed when executed was placed in the hands of J. A. Bates, and was acknowledged on January 18, 1917. The defendant and wife executed the following instrument, which they delivered to J. A. Bates:

"State of Alabama. Morgan County.

"I, A. F. Fowler, agree with M. L. Haggins giving him the right to redeem the tract of land purchased of him on the 19th day of January, 1917, by the said M. L. Haggins paying the said A. F. Fowler the purchase price with interest thereon and the said M. L. Haggins is to have all rents and proceeds of sales of timber provided however if the said Haggins should redeem said land and not otherwise.

              "A. F. Fowler. [Seal.]
              "L. J. Fowler. [Seal.]

"Witness:   J. R. Cleveland.
            "J. A. Bates."

The defendant and his wife executed and delivered to J. A. Bates a mortgage on the 46 acres and also the 40 acres owned by the defendant to secure the debt of complainant evidenced by the P. G. Kimbrough mortgage held by Bates on the 46 acres. After this mortgage was executed and delivered to J. A. Bates, he then delivered to the defendant the deed and the P. G. Kimbrough mortgage, and delivered to complainant the instrument executed by defendant permitting complainant to redeem the land by paying the purchase price; the Kimbrough mortgage debt being the purchase price.

In the summer of 1919 complainant sought to redeem the land by paying defendant the amount due on the mortgage debt, less rents collected and the amount received from the timber of defendant, as per the contract. The defendant declined, claiming complainant had no right to redeem as more than two years had elapsed since the contract was executed; and this will was filed on December 19, 1919.

In Smith v. Thompson, 203 Ala. 88, 82 South. 102, this court said:

"The only litigable question presented by the record is whether the conveyance in question was intended to operate as a mortgage. Equity invariably looks through form to substance. Lamkin v. Lovell, 176 Ala. 334, 58 South. 258. We have already expressed our opinion that the conveyance in dispute was with an agreement, in substance, that complainant might redeem, The right to redeem is an inherent and essential characteristic of every mortgage, and the agreement in this case, we think, was the legal equivalent of an agreement that defendant should hold the title as security for the payment of the debts which constituted the consideration upon which the instrument was executed, an agreement which, but for the statute (section 4497 of the Code), would have made appellant an equitable mortgagee."

In this contract the grantee, the defendant, A. F. Fowler, expressly and in writing gave the grantor, the complainant, the right to redeem the tract of land by paying the purchase price, the purchase price being the mortgage debt due under the Kimbrough mortgage "with interest thereon," and they agreed there should be credited on it "all rents and proceeds of sales of timber." The timber had been sold under contract to Bates. This deed, Kimbrough's mortgage, defendant's mortgage to Bates, and this redemption contract must be construed together to get at the real intent of the parties. All four of the instruments were in the possession of J. A. Bates at one time, and were not separated until he had all four of them. Then the redemption contract was given complainant, the Kimbrough mortgage and complainant's deed to defendant, and Bates retained the mortgage of defendant to secure the debt of complainant evidenced by the Kimbrough mortgage.

[4-6] Whenever a written instrument gives to and declares another has "the right to redeem the tract of land," this clearly indicates there exists between the parties an unpaid mortgage debt on the land, or the land is held as security for a debt due by one to the other. The right to redeem is a necessary characteristic of every mortgage. As said by this court in Harrison v. Maury, 157 Ala. 229, 47 South. 725:

"The law is well settled, that 'in a court of equity, the character of the conveyance must be determined by the clear and certain intention of the parties; and if there be an agreement between them that it shall operate as a security for a debt, it can and will operate only as a mortgage. The agreement may be expressed in the deed, or in a separate writing, or it may rest in parol. * * * Where the conveyance is absolute, and the controversy is, whether the parties contemplated an unconditional sale or a mortgage, the party claiming that it was intended as a mortgage, if the fact is denied, must show by clear and convincing evidence that, at the time of the original transaction, it was intended and understood by both parties, the conveyance should operate only as a security for a debt.' 2 Brick. Dig. 271, §§ 318, 322; Douglass v. Moody, 80 Ala. 66."

And in Smith v. Thompson, 203 Ala. 88, 82 South. 102, the following was quoted with approval:

"By a long line of decisions it is fully established that a deed absolute on its face may

be shown by parol to have been intended to operate as a mortgage."

The evidence shows the value of the land with the timber on it at the time of the execution of the deed, and that the redemption contract was greatly disproportionate to the mortgage debt, the consideration named. The value of the property conveyed more than doubled the amount of the mortgage debt assumed, which was the consideration. The Kimbrough mortgage and the debt it secured were not canceled and delivered to the complainant. The mortgage was not canceled, and the debt was not marked "paid," but they were delivered to the defendant, and not to the complainant. The trial court said it was "of the opinion that the parties to this transaction did not intend by the conveyance to pay complainant's debt; that it still exists, and therefore that the transaction is a mortgage."

[7] The evidence is voluminous, and is in conflict, but the written evidence and the weight of the oral testimony convinces us that the parties intended by this deed to convey this land to be held by the defendant to secure the debt due under the Kimbrough mortgage by complainant. The assumption by the defendant of this mortgage debt of complainant created between complainant and defendant the relation of debtor and creditor.

[8] This mortgage debt has not been paid, and the mortgage has not been foreclosed. The defendant is a mortgagee in possession of the land before foreclosure, and the complainant is entitled to redeem it under this bill and the evidence. It is not barred until the lapse of ten years, and this conveyance was executed in 1917, and the bill was filed in 1919. Parmer v. Parmer, 88 Ala. 545, 7 South. 657.

"A mortgagee in possession must apply the rents and profits in reduction of his mortgage debt, subject to an allowance for all proper expenditures which, as tenant in possession, he may have made." Downs v. Hopkins, Allen & Co., 65 Ala. 508-510.

[9] J. A. Bates had a contract with complainant in regard to the timber on this land. The proceeds from this timber or lumber due complainant under the contract was paid to the defendant, and the court properly ordered that in the accounting these amounts collected and received by the defendant from J. A. Bates under that contract with complainant be charged to the defendant in the settlement.

We find no error in the record, and the decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.