158 So. 189

## RICHARDSON v. CURLEE et al.

, 5 Div. 191.

Supreme Court of Alabama.

Nov. 30, 1934.

Rehearing Denied Jan. 3, 1935.

C. E. O. Timmerman, of Montgomery, for appellant.

Holley & Milner, of Wetumpka, for appellees.

## 506

**KNIGHT, Justice.**

It is made to appear from the averments of the bill, as amended, that the appellant, complainant in the court below, owned certain described lands in Elmore county, and executed two mortgages thereon, one to the First National Bank of Wetumpka, Ala., to secure a loan of $1,080, and the other to W. E. Lacy, to secure an indebtedness of $4,000. After the law day of these mortgages, but while each constituted a valid, legal, and subsisting lien upon the property, they were transferred and assigned to W. B. Curlee, now deceased, and of whose estate the appellee A. D. Curlee is administrator.

It is also averred in the bill, as amended, that, after the administrator took over the administration of the estate of said W. B. Curlee, and after "various payments had been made" by the mortgagor on said mortgages, the mortgagor executed and delivered to the said A. D. Curlee, as the administrator of the estate of said W. B. Curlee, deceased, a certain instrument in form of a deed, "to prevent him from foreclosing said mortgages." A copy of this instrument is made an exhibit to the bill.

The averments of the bill, as amended, with reference to the execution and delivery of said deed, are: "Fourth: Orator showeth to the court that on or about the 28th day of September, 1931, after various payments had been made by orator on the above stated mortgages during the time they had been outstanding, A. D. Curlee as administrator of the estate of W. B. Curlee, deceased, required and fraudulently prevailed on orator, who was a poor man, without means to pay off said mortgages at the time, and in distress, to make to him a conveyance to practically all the land embraced in the foregoing mortgages to prevent him from foreclosing said mortgages. *Ex. A and B in said conveyances* orator reserved both his equity and his personal right of redemption to said property, a copy of which is hereto attached as Exhibit C, with leave of reference; and orator alleges that said conveyance while in some respects a deed, was given by him to secure what might still be due on, and was a continuation of said mortgages Exhibits A and B and was in deed and in fact intended by each of the parties to said contract to operate as a mortgage." (Italics supplied.)

The bill, to say the least of it, in its statements, as to the equity or equities upon which complainant relies for relief, is not as clear as good pleading would seem to suggest or require.

The bill as amended nowhere avers that the property conveyed by the deed exceeded in value the indebtedness secured by the two mortgages, and it does not aver that it conveys all the property which was conveyed by the mortgages. In this respect the averment is that the instrument conveyed "*practically* all the land" embraced in the mortgages. In one of the mortgages certain personal property was also included. This personal property was not included in the foreclosure conveyance.

The averment that the complainant "was required and fraudulently prevailed on" to make the conveyance is not sustained by the averment of any facts which, in the least degree, would give color or support to the charge that a fraud was practiced upon the complainant, to induce the execution of the conveyance. Fraud is a conclusion of law from facts stated and proved. When it is pleaded, either at law or in equity, the facts out of which it is supposed to arise must be stated; a mere general averment, without such facts, will not suffice. National Surety Co. v. Julian, 227 Ala. 472, 150 So. 474; Flewellen v. Crane, 58 Ala. 627, 629; Pickett v. Pipkin, 64 Ala. 520, 523; Quarles v. Campbell, 72 Ala. 64; Meadows v. Meadows, 73 Ala. 356, 358; Phœnix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31.

In the case of Oakley v. Shelley, 129 Ala. 467, 29 So. 385, 386, it was observed: "The right of a mortgagor to redeem his

property before foreclosure is jealously guarded in equity; so that agreements for its extinguishment, as by a sale from the mortgagor to the mortgagee, will be closely scrutinized by the court; and, if found to have been induced by an unfair or oppressive use of the advantage which is presumed to be held by the mortgagee, such an agreement will be set aside, and redemption allowed."

In the case of Stoutz v. Rouse, 84 Ala. 309, 4 So. 170, 171, it was held:

"A court of chancery will set aside any agreement entered into by a mortgagor, contemporaneously with the execution of the mortgage, by which he waives, unduly fetters, or agrees not to exercise his equity of redemption in event of default in the payment of the mortgage debt; and, as observed by Lord Chancellor Northington in Vernon v. Bethell, 2 Eden, 110: 'There is great reason and justice in this rule, for necessitous men are not, truly speaking, free men, but, to answer a present exigency, will submit to any terms that the crafty may impose upon them.' The right of redemption is the creature of law, and not of contract. The parties are not, therefore, permitted by special agreement to disannex from the mortgage, at the time of its execution, that which the law has declared shall be annexed to it, to prevent the undue oppression of debtors by creditors. And a like rule has been applied, for similar reasons, to the statutory right of redemption. Parmer v. Parmer, 74 Ala. 285.

"But the reason of this rule, however, does not apply to any fair and bona fide purchase of the right of redemption which is entered into subsequently to the execution of the mortgage. Although courts of equity will scan such a purchase with watchfulness, it will still be upheld, unless procured by fraud, actual or constructive, including any unconscientious advantage or undue influence or on a consideration which is grossly inadequate. Hitchcock v. U. S. Bank, 7 Ala. 386, 443; McKinstry v. Conly, 12 Ala. 678."

These equity principles received the further approval of this court in our more recent case of Pearsall v. Hyde, 189 Ala. 86, 66 So. 665.

■ As heretofore pointed out, the bill fails to aver a single fact from which it might appear that any undue advantage was taken of the mortgagor, or any fraud, overreaching, or imposition was practiced upon him to induce him to execute the conveyance. There is not the slightest intimation in the bill that the property was worth a dime more than the indebtedness secured by the mortgages.

In our opinion, the court would have been justified in sustaining those grounds of demurrer, which took the point that the bill wholly failed to charge fraud, except by way of a conclusion of the pleader, to the defendant A. D. Curlee, in procuring the execution of the conveyance, had the demurrer been directed to this feature of the bill only; but the demurrer was addressed to the bill as a whole.

However, the amended bill avers that said conveyance *"while in some respects a deed, was given by him to secure what still might be due on, and was a continuation of said mortgages exhibits A and B and was in deed and fact intended by each of the parties to said contract to operate as a mortgage."*

■ At common law, a deed of conveyance of land absolute and unconditional upon its face, but *intended* and understood by the parties to be merely a security for the payment of a debt, will be treated and regarded in equity as a mortgage conferring upon the parties the relative rights and remedies of mortgagor and mortgagee, and nothing more. This rule prevails in this jurisdiction. Hooper v. Reed et al., 211 Ala. 451, 100 So. 875; Fowler v. Haggins, 209 Ala. 176, 95 So. 816; Richter v. Noll, 128 Ala. 198, 30 So. 740; Hammett v. White, 128 Ala. 380, 29 So. 547; Smith v. Thompson, 203 Ala. 87, 82 So. 101; Lewis v. Davis, 198 Ala. 81, 73 So. 419; Morton v. Allen, 180 Ala. 279, 60 So. 866, L. R. A. 1916B, 11.

In 41 Corpus Juris, § 64, pp. 310, 311, and 312, the equitable principle is stated by the author as follows: "Under the settled doctrine of equity that the form of a transaction will never preclude inquiry into its real nature, but in all cases the intention of the parties must control, irrespective of the form, if a conveyance is made as a security for money, in whatever form the conveyance is made, or whatever cover may be used to disguise the transaction and hide its real character from others, as between the parties and as to all persons who have notice that the property is merely held as collateral security, it will be held and treated as a mortgage. Every deed, therefore, whether absolute or conditional on its face, and whether made to a trustee or not, if made for the sole purpose of securing a debt *is a mortgage, and can be enforced only as such."* (Italics supplied.) This doctrine finds direct support in numerous cases, not only of this

court, but elsewhere. See cases cited in note to section above quoted.

█ But objection is taken by demurrer that the amended bill does not aver that there was any mutual agreement between the grantor and the grantee in the deed that the conveyance was to operate as a mortgage. We think this ground of demurrer is without merit. The bill avers that the conveyance was given by the complainant to secure what might still be due on the mortgages, and was a continuation of said mortgages, and was in deed and fact intended by each of the parties to said contract to operate as a mortgage. While the averment of the bill in this respect might have been stated in clearer terms, yet we think it sufficiently shows that the agreement of the parties was that the conveyance was intended to be a mortgage. Richter v. Noll et al., supra.

█ It is also insisted, the objection being taken by demurrer, that the bill "is inconsistent and contradictory in this: That in the fourth paragraph the complainant alleges that the conveyance as, shown by Exhibit C was procured through fraud, and also alleges therein that he reserved his equity of redemption." We do not think this ground of demurrer, which is directed to the inconsistency contained in paragraph 4, is good.

█ █ While the bill as amended makes the conveyance, now sought to be declared a mortgage, an exhibit thereto, and while it is averred in paragraph 4 that by said conveyance the complainant reserved both his equitable and statutory right of redemption, yet it sufficiently appears that the exhibit was brought forward for the purpose of having it before the court and not for the purpose of supplying or amplifying the real contention of the complainant. The rule of pleading with reference to an exhibit to a bill is "that 'an exhibit to a bill, as a part of it, that is not contradicted by the averments of the bill, serves to amplify the bill as if written in its body.'" Virginia-Carolina Chemical Corporation et al. v. Satsuma Orange & Pecan Groves Co., 227 Ala. 55, 148 So. 853, 857. It was proper, of course, to bring before the court the conveyance upon which the court's powers were invoked. Pool v. Menefee, 205 Ala. 531, 88 So. 654.

It is also insisted by the defendant Whitaker that she was improperly joined as a party to the bill, "in that, it is nowhere alleged in the stating part of the bill that she is in possession of the lands or claims any right, title, or interest therein." The bill does aver that the said Whitaker is in possession of part of said lands.

Under the theory that the bill is one to declare the deed a mortgage, and to be let in to redeem the premises, the demurrer directed to paragraph 5 of the bill was not well taken.

It follows that the decree of the circuit court will be here reversed, and a decree here entered overruling the demurrers to the bill.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.