168 So. 146

## McMILLAN v. BEEBE.

### 1 Div. 919.

Supreme Court of Alabama.

May 14, 1936.

B. F. McMillan, Jr., of Mobile, for appellant.

Beebe, Hall & Beebe, of Bay Minette, for appellee.

GARDNER, Justice.

The bill seeks to have a deed declared a mortgage, but unaccompanied by any offer of redemption. On the contrary, the bill discloses complainant's inability to pay the debt, and his testimony is to like effect.

Complainant has proceeded upon the theory that the court will assume jurisdiction merely for the purpose of declaring the deed a mortgage. Though there are authorities sustaining this view (41 Corpus Juris 364, note 37), yet a different rule has long been established in this jurisdiction (Micou v. Ashurst, 55 Ala. 607; Bone v. Lansden, 85 Ala. 562, 6 So. 611).

Based upon considerations of the maxims that he who seeks equity must offer to do equity, and that equity will not do justice by piecemeal, but delights to quiet litigation, this court, in Micou v. Ashurst, supra, said: "So, if it is insisted that an

absolute conveyance is really a security for a debt, and therefore a mortgage, there must be an offer to pay the debt, or the court will not interfere"; and in Bone v. Lansden, supra, was the holding that the demurrer taking the point no offer was made to pay the debt was well taken and should have been sustained.

The demurrer to the bill in the instant case also took the point, and should have been sustained, rather than overruled, as was done.

■ There is some suggestion that the court might order the mortgage foreclosed, and in such a manner complainant would obtain the two-year period for statutory redemption. But a mortgagor is in no position to secure a foreclosure. The remedies for the collection of the debt are those belonging to the mortgagee, which he may pursue and as to which the mortgagor cannot compel an election. Micou v. Ashurst, supra.

Under the rule here well established, therefore, the bill was without equity, an infirmity confirmed by the proof, and those considerations justified the dismissal of the bill.

The question of fact involved, in view of this conclusion, is therefore unnecessary here to be determined.

Let the decree stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.