193 So. 727

## ANDRESS v. PARISH.

### I Div. 75.

Supreme Court of Alabama.

Jan. 18, 1940.

Rehearing Denied Feb. 22, 1940.

C. L. Hybart, of Monroeville, for appellant.

J. D. Ratcliffe and A. C. Lee, both of Monroeville, for appellee.

KNIGHT, Justice.

Complainant, Mrs. Alma Parish, who at the time of the occurrence of the transactions set forth in the bill of complaint was Alma Kearley, instituted this litigation in the Circuit Court of Monroe County, in Equity, against the appellant, W. J. Andress, to have a certain conveyance executed by the complainant to the said Andress declared to be a mortgage, and that she be permitted to redeem the property.

The respondent Andress demurred to the amended bill of complaint upon a number of grounds. The grounds of demurrer here argued, and insisted upon, take the point that the bill, as amended, showed that complainant had parted with her legal and equitable title to the lands sought to be redeemed, and, therefore, it was without equity. It is also insisted in brief that the complainant had assigned and transferred her equity of redemption, if in fact she ever had such equity, to one I. J. Kearley, the father of the complainant, before this suit was instituted, and, therefore, she "has no standing in this court of equity."

The court, on submission on the demurrer, overruled the same, and thereafter the cause was finally heard and determined on the amended bill, the answer of respondent, and the evidence as noted by the register. Thereupon the court entered a decree granting complainant the relief prayed, holding that the conveyance executed by the complainant to the respondent Andress on May 26th, 1933, was intended to be, and: was a mortgage, and that the complainant was entitled to redeem the property conveyed thereby upon paying to the register, for the use of the respondent Andress, the amount due and owing by the complainant under said instrument, with legal interest thereon. It was referred to the register to ascertain the amount of the mortgage debt with legal interest, and also to ascertain "what sum, if any, is due respondent by complainant under the lease contract, and also the amount, if any, paid by respondent as taxes on the lands described." The complainant was allowed 90 days from the filing of the register's report within which to pay the amount ascertained to be due the respondent. From this decree the respondent Andress prosecutes the present appeal.

It appears from the amended bill that the complainant had given one S. C. Hybart a mortgage on the lands described in the bill; that said mortgage had matured, and said Hybart was threatening to foreclose the same; that the complainant, through her father and agent, I. J. Kearley, applied to the respondent for a loan to take up, and pay the Hybart mortgage; that the said Kearley, acting as her agent did negotiate a loan from the respondent in the sum of $974.84, being the amount due said Hybart on his mortgage; that the said respondent explained to complainant's said agent "that he preferred to have the security in the form of a deed instead of a mortgage, and as further evidence of his good faith the respondent agreed to enter into a contract in the form of a repurchase contract with the said I. J. Kearley, the substance of said so-called repurchase contract being an obligation on the part of respondent to the said I. J. Kearley obligating himself to reconvey said lands to said I. J. Kearley, upon the payment of the exact amount of the loan respondent had agreed to make complainant, plus designated rentals for the use of the said lands, said amounts so designated as rentals being approximately the amount of the interest upon said loan to complainant. A copy of said agreement or contract is made an exhibit to the bill." It is then averred that, in pursuance of said agreement entered into between the said I. J. Kearley, acting for and in behalf of the complainant, and the said respondent, complainant executed and delivered to respondent a deed "in general warranty form," conveying the lands described in the amended bill to respondent. That the respondent then paid over the agreed amount

to said S. C. Hybart, and "took over said mortgage from said Hybart, and retained the same, along with his other security for said loan of respondent to complainant.".

It fully appears that throughout the said transactions with the respondent the said I. J. Kearley was acting entirely for, and as agent of complainant, and in no sense for himself; that whatever contract he entered into with the respondent with reference to the redemption or repurchase of said lands was for the benefit of the complainant.

It further appears from the amended bill that at the time the conveyance was executed to respondent the property conveyed was reasonably worth $2,500.

That the bill contains equity we entertain no sort of doubt.

▌ At common law, a deed of conveyance of land absolute and unconditional upon its face, but intended and understood by the parties to be merely a security for the payment of a debt, will be treated in equity as a mortgage, conferring upon the parties the relative rights and remedies of mortgagor and mortgagee, and nothing more. This rule is fully recognized and applied in this jurisdiction. Richardson v. Curlee et al., 229 Ala. 505, 158 So. 189; Hooper v. Reed, 211 Ala. 451, 100 So. 875; Fowler v. Haggins, 209 Ala. 176, 95 So. 816; Smith v. Thompson, 203 Ala. 87, 82 So. 101; Lewis v. Davis, 198 Ala. 81, 73 So. 419; Morton v. Allen, 180 Ala. 279, 60 So. 866, L.R.A.1916B, 11

▌ In Corpus Juris, Vol. 41, Section 64, pp. 310, 311 and 312, the equitable principle invoked in this case is thus stated: "Under the settled doctrine of equity that the form of a transaction will never preclude inquiry into its real nature, but in all cases the intention of the parties must control, irrespective of the form, if a conveyance is made as a security for money in whatever form the conveyance is made, or whatever cover may be used to disguise the transaction and hide its real character from others, as between the parties and as to all persons who have notice that the property is merely held as collateral security, it will be held and treated as a mortgage. Every deed, therefore, whether absolute or conditional on its face, and whether made to a trustee or not, if made for the sole purpose of securing a debt is a mortgage, and can be enforced only as such."

This court has had occasion to apply the above stated equitable doctrine in numerous cases heretofore coming before it. The doctrine is sound and promotive of the ends of justice, which after all is the end and purpose of legal jurisprudence.

▌ The bill makes a case for equitable relief, and the court, as for any grounds of demurrer assigned and argued here, properly overruled respondent's demurrer.

▌ The evidence admitted on the hearing convinces us beyond any sort of doubt, that the said I. J. Kearley, throughout his negotiations with the appellant, respondent in the court below, was the agent of the complainant, and that he acted for complainant, and not for himself; that, the consideration of the conveyance from complainant to respondent was intended by the parties to be, and was, a loan, and not an amount of money paid by respondent to complainant as an absolute purchase of the land; that while the loan was secured by a conveyance absolute in form, it was the real intention of the parties that it should stand, and be a mere security—mortgage—for the sum loaned to complainant, viz, $974,84.

It further appears beyond any sort of doubt that within the time agreed upon in the so-called contract of repurchase, the complainant, through her said agent, undertook to redeem her said property by offering to pay respondent all amounts due him, but he declined to permit her to redeem the property. It also appears without dispute that the property conveyed was worth more than twice the consideration price mentioned in the deed at the time the conveyance was executed.

In short the complainant has by clear and convincing testimony sustained the averments of her amended bill of complaint, and was entitled to the relief granted her by the court below, and the decree should be affirmed.

▌ It is here insisted for the first time that there is a nonjoinder of necessary parties. The point is made that said I. J. Kearley is a necessary party to this litigation. We are not impressed that there is merit in this contention.

According to all the testimony, that of the complainant, as well as the respondent, the said I. J. Kearley, throughout said transactions, was acting for, and as the agent of complainant. Kearley also so testified in the case. Under these circum-

stances, Kearley was not a necessary party to the proceedings.

It follows that the décree of the circuit court is due to be affirmed. It is so ordered.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.