53 So.2d 613

**EDMONDSON v. MARTIN et al.**

**7 Div. 51.**

Supreme Court of Alabama.

June 28, 1951.

H. C. Orme, Jr., Gadsden, for appellant.

J. P. Brown, Gadsden, for appellees.

STAKELY, Justice.

This is an appeal from a final decree of the equity court ordering the sale for division of about 57½ acres of land lying in Etowah County. The court in its decree ascertained that a lien existed on the land in favor of Dewey Edmondson (appellant) by reason of advances made by him to pay off mortgages on the property with interest and for material improvements made upon the property. The lien of Dewey Edmondson is ordered paid out of the proceeds of the sale and the balance of the proceeds, if any, to be distributed among the joint owners or tenants in common (appellees).

The complainants and the respondents, with the exception of Dewey Edmondson, are the next of kin and sole heirs at law of Martha Martin, deceased, who owned the property at the time of her death. Martha Martin executed two mortgages on the property described in the bill. These mortgages were unpaid at the time of her death and were liens upon the property. The first mortgage was made to the Federal Farm Loan Board on November 15,

1923 and the second mortgage was made to T. J. Ferguson on February 13, 1933. Both mortgages are of record in Etowah County, Alabama, and aggregate in their principal amount the sum of approximately $520.

T. J. Ferguson, as mortgagee, foreclosed his mortgage and at the foreclosure sale one Oscar Smith bought the property for the sum of $136.40, which was the amount secured by the mortgage. The said Smith secured a transfer to himself of the Federal Farm Loan Board mortgage. .

Allie Barnett, one of the complainants in this cause, individually and without the help of the other parties arranged with and for Dewey Edmondson to furnish the money necessary to redeem the property, from Oscar Smith for the sum of $520. Oscar Smith gave a quitclaim deed to Allie Barnett on the 29th of November, 1941 and on the same date Allie Barnett gave a warranty deed to Dewey Edmondson for the same property. There was an understanding and agreement between Dewey Edmondson and Allie Barnett that she and the other heirs of Martha Martin, deceased, could and would shortly redeem the property by paying to him the money so advanced with interest.

The allegations of the bill show that the heirs and next of kin of Martha Martin, deceased, are unable to raise the money necessary to redeem the property from Dewey Edmondson without a sale thereof and that the real estate cannot be equitably partitioned and divided among the heirs without a sale thereof and the sale of the real estate is necessary to pay off the mortgage or lien now held by Dewey Edmondson and redeem the lands from him. The prayer of the bill is for a decree allowing the complainants to redeem the property upon the payment of the claim of Dewey Edmondson with interest out of the proceeds of the sale of the property under court order, the balance of the proceeds, if any, to be divided among the joint owners and tenants in common.

In his answer Dewey Edmondson admits the allegations of the bill except that the total amount expended by him aggregates $554.04, rather than $520, and that he has incurred a reasonable attorney's fee in defending this suit in the amount of $25 and except that he has made necessary repairs and reasonable improvements on the property in the amount of $30, which gives him a lien for the aggregate amount of $580.04.

Under the allegations of the bill Dewey Edmondson was given a deed for the purpose in effect of securing him for the advances made to Allie Barnett. He did not demur to the bill and in the answer which he filed he concedes that his only interest in the property is a lien on the property for the advances made by him as detailed in his answer. After the answer had been filed and after the evidence in the cause had been taken Dewey Edmondson filed a motion to dismiss the cause on the ground that the bill of complaint "does not state an equitable action", and on the further ground that the bill is a bill to redeem from a mortgage foreclosure and the complainants do not tender the moneys due under the foreclosure, as required by law. The court granted a motion to strike the motion to dismiss.

Under Equity Rule 14, Code of 1940, Tit. 7, Appendix, the motion to dismiss for want of equity is abolished. Yet if a bill lacks equity, it cannot support a decree for relief and so even if there was no demurrer attacking the bill for want of equity, we must look to see if the present bill contains equity. Jackson v. Knox, 119 Ala. 320, 24 So. 724.

Under the allegations of the bill the deed was given to Dewey Edmondson to secure a debt and will, therefore, be considered in equity as a mortgage conferring upon the parties the relative rights of mortgagors and mortgagee. Andress v. Parish, 239 Ala. 67, 193 So. 727; Richardson v. Curlee, 229 Ala. 505, 158 So. 189. Therefore Dewey Edmondson has an unforeclosed mortgage on the real estate which means that Allie Barnett and the other heirs at law of Martha Martin have an equity of redemption. Smith v. Thompson, 203 Ala. 87, 82 So. 101. It is evident that the bill in the present case seeks to be both

a bill for a sale for division among the joint owners or tenants in common and also a bill to redeem from a mortgage by the exercise of the equity of redemption. As a bill for a sale for division among the joint owners or tenants in common it cannot affect the interest of Dewey Edmondson as the holder of a mortgage. Freeman on Cotenancy and Partition, § 479, p. 637. In other words a sale for division cannot be made free of his mortgage without his consent, but when a bill in equity seeks to redeem from a mortgage through the exercise of the equity of redemption the bill has equity. Butts v. Broughton, 72 Ala. 294. In the situation as alleged in the case at bar the property should first be redeemed and then sold for division. 67 Am. Dec. 708; 40 Am.Jur. § 122, p. 103. But under § 189, Title 47, Code of 1940, when no objection is made, the bill may be maintained both to redeem and to sell for division because the court has the power to adjust and determine the equities and claims of the incumbrancer and having done so, if the property is redeemed, may then order the property sold for distribution. Sandlin v. Anders, 210 Ala. 396, 98 So. 299.

■ It is true that where an absolute conveyance is sought to be declared a mortgage there must be an offer to pay the debt or the court will not interfere. McMillan v. Beebe, 232 Ala. 350, 168 So. 146. Where permission is sought to exercise the equity of redemption it is not necessary that tender be made of the amount due before the bill is filed. It is sufficient if the complainant by his bill submits himself to the jurisdiction of the court and offers to pay the amount due. Hodges v. Verner, 100 Ala. 612, 13 So. 679; Allen v. Evans, 214 Ala. 106, 106 So. 601.

■ In the case at bar as pointed out there was no demurrer to the bill. Dewey Edmondson filed his answer admitting all the allegations of the bill except as to the amount which should be paid to him and agreed for the sale to be made so as to reimburse him for the amount of his advances. Since one aspect of the present bill is based on the exercise of the equity of redemption, we have no doubt that the court could grant that relief, which was granted in this case, since Dewey Edmondson did not demur to the bill for failure to offer to do equity. Patton v. Robison, 253 Ala. 248, 44 So.2d 254. It was, therefore, within the power of the court to order the sale of the property and direct that out of the proceeds of the sale Dewey Edmondson be first reimbursed and then the balance, if any, be distributed among the joint owners or tenants in common, though that would not be the proper procedure ordinarily and on objection to it.

The only other questions raised by the assignments of error are predicated on the action of the court in denying Dewey Edmondson the amount of money expended by him in the payment of taxes on the property with interest, the sum expended by him for permanent improvements and the allowance to him of an attorney's fee for his representation in this cause. The rate of interest of six percent allowed him on the indebtedness secured by his lien is also questioned. On these matters we reach the following conclusions in the following manner.

■ As pointed out Dewey Edmondson filed an answer in which he set up the amounts for which he was entitled to be reimbursed. There is no mention in his answer of the matter of taxes nor does the matter of taxes appear to have been called in any way to the attention of the court. The order of reference contains no reference to the matter of taxes nor is there any exception to the report of the register in this connection. Under the circumstances we cannot put the court in error for failure to allow reimbursement for taxes.

■ The court ordered a reference to ascertain the amount of expenditure made by Dewey Edmondson in making material improvements on the property. We see no reason to disturb the decree of the court in this regard. There was no exception to the report of the register in respect to such expenditure. We might add that from the standpoint of the appellees in respect to expenditure for improvements there are no cross assignments of error.

Allowance of interest on the claim of Dewey Edmondson at six percent was correct. We are not here dealing with the rate of interest which is allowed on the exercise of the statutory right of redemption. Section 732, Title 7, Code of 1940. There was no error in refusing to allow an attorney's fee in computing the amount due to Dewey Edmondson. Neither Allie Barnett nor the other interested parties made any agreement to pay an attorney's fee to Dewey Edmondson nor is there proof that such an allowance would be for their common benefit. Low v. Low, Ala.Sup., 52 So.2d 218.

The decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.