# Hieronymus Bros. *v.* Glass.

*Bill in Equity to have Deed Declared a Mortgage and for Redemption.*

1 *Deed absolute on its face declared a mortgage; parol agreement as between grantee and person for whom money was advanced valid and enforceable in a court of equity.*—Where a purchaser of land, who has paid a part of the purchase money and holds a bond for title from the vendor, enters into a parol agreement with a third person to the effect that the latter, on advancing the ba'ance of the purchase money due and unpaid, should receive from the vendor an absolute conveyance of the land, and hold it as security for the money so advanced, with the reservation of the right by the original purchaser to redeem, such agreement is not void under the statute of frauds, (Code of 1886, § 1845; Code of 1896, § 1041); and such an agreement can be enforced in a court of equ ty. (*Moseley v Moseley*, 86 Ala. 2-9. overruled).

2 *Same; same* —When the purchaser of land, who has paid a part of the purchase money and holds a bond for title from the vendor. transfers to a third person such bond for title, by writing duly attested, and upon the payment by said third person of the balance of the purchase money, the vendor executes to him a conveyance of the lands, the original purchaser can maintain a bill to have said conveyance from the vendor to said third person declared a mortgage and to be let in to redeem upon averments and proof that cotemporaneously with, and as a part of, the transfer of the bond for title, there was a parol agreement between such purchaser and said third per-on, by which the latter was to advance the balance of the purchase money, nd was to hold the conveyance from the vendor as security for the money so advanced, and the said purchaser was to have the right to redeem. (*Moseley v. Moseley*, 86 Ala. 289, overruled).

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WILLIAM H. TAYLOE.

The facts of the case are sufficiently stated in the opinion.

GREGORY L. & H. T. SMITH, for appellant.—The jurisdiction of our courts of chancery to declare a deed absolute on its face, to be a mortgage, by way of enforcing a

parol agreement that it should so operate, is of such long standing in this State that it is only necessary to cite some of the cases.—*Chapman v. Hughes*, 14 Ala. 218; *Reeves v Abercrombie*, 108 Ala. 538. This general doctrine is not, we believe, denied, but it is insisted that its application has been limited to conveyances which are executed by the party sought to be declared the mortgagor. The fallacy of the contention rests in that it mistakes the fork for the substance; that it assumes that he who executes the deed is perforce the real grantor. The case of *Moseley v. Moseley*, 86 Ala. 289 is relied upon by the defendants. It is apparent that under this case, a bill will not lie to declare a conveyance a mortgage when made by a third person in whom the title was vested, and where the complainant had no interest in the land whatever. It is equally as apparent, however, that under many other cases of this court such a bill will lie when the complainant holds a perfect equity in the land, by reason of holding a bond for title thereto, and was, therefore, the real owner thereof, although the legal title stood in the name of, and the conveyance was made by a third person at his request. To hold, indeed, that such a bill will not lie where the conveyance is made by the absolute owner of the land, at the request of a complainant who had no interest therein, either legal or equitable (as was the case in *Moseley v. Moseley*), seems logical, but to distinguish between a case where the complainant is the absolute owner of the land and a case where he holds a perfect equity therein and the control of the legal title which stands in the name of his trustee, is but to stick in the bark and to ignore the fact that the case is in a court of equity.—*Parmer v. Parmer*, 88 Ala. 545; *Downing v. Woodstock Iron Co.*, 93 Ala. 268; *Hughes v. McKenzie*, 101 Ala. 415; *Hodges v. Verner*, 100 Ala. 614.

PILLANS, TORREY & HANAW, *contra*.—Under the averments of the bill the absolute deed to Glass can not be declared a mortgage, and the complainants let in to redeem. A verbal agreement between the purchaser of land and a third person to the effect that such third person. on advancing the purchase money, should take an absolute deed from the vendor and hold it as security for the money advanced with a reservation of the right

to redeem is a parol trust in lands and void under the statute, and that a court of equity will not enforce it in the absence of fraud in the original transaction. Even if complainant should make out a case for equitable interference, his remedy would not be to have the conveyance declared a mortgage, but that complainant's remedy would be a bill in the nature of a bill for specific performance ; but that on the case made, which is practically the case at bar, the complainant could not maintain a bill either in the nature of a bill for specific performance, or a bill to have the conveyance declared a mortgage.—Patton v. Beecher, 62 Ala. 579 : Moseley v. Moseley, 86 Ala. 289.

The alleged parol contract sought to be enforced, is void under the statute of frauds, prohibiting parol contracts for the sale of lands, or any interest therein.— Code of 1896, § 2152, and void under section 1041 of the Code of 1896, prohibiting parol trusts in lands.

COLEMAN, J.—We will not undertake to set out all the averments of the bill in detail ; but will make such statement as will fairly present the legal question involved in the appeal.

Hieronymous Bros. held the written agreement of the Alabama Land & Development Company, to convey by deed to them a certain described parcel of land, upon the payment of the purchase money for the land, evidenced by three certain promissory notes, and described in said agreement between Hieronymous Bros, and said company. In pursuance of their contract of purchase, Hieronymous Bros. paid a part of the purchase money. Hieronymous Bros. assigned and transferred the written instrument executed to them by the Alabama Land & Development Company to the respondent, Adam Glass, by writing duly attested, as follows : "For value received, we hereby transfer, convey and assign, to Adam Glass, all our right, title and interest, in the land embraced in the foregoing instrument, and authorize the Alabama Land & Development Company to have deed executed to the said Adam Glass, covering all the land embraced in said contract. Witness our signatures," etc. Adam Glass paid the balance of the purchase mon-

ey due by Hieronymous Bros., and had the deed of conveyance to all the lands executed directly to him.

Hieronymous Bros. filed the present bill in which they aver, that there was a parol understanding and agreement, by and between themselves and Adam Glass, contemporaneous with and a part of the foregoing transfer and conveyance, that Adam Glass was to advance the balance of the purchase money as a loan to them, for which they were to pay him 10 per cent per annum, and that the legal title was conveyed to him as a mere security for the loan, and the prayer of the bill is, that he be declared a mortgagee and the instrument under which he holds be declared a mortgage, and that they be let in to redeem, and offering to pay with legal interest whatever may be found to be due. This short statement of the facts, presents the equity of complainant's case. The court sustained a demurrer to the bill, and a motion to dismiss the same for want of equity, and the appeal is prosecuted from this decree.

The demurrer to the bill and motion to dismiss for want of equity raised the question, as to whether the parol agreement was valid and capable of enforcement, or void under the statute of frauds. It would be a useless task to undertake to reconcile all the decisions and expressions of the court, in this State, upon the question presented for consideration. The case of *Moseley v. Moseley*, 86 Ala. 289, sustains the conclusion reached by the court, and expressions may be found in other cases to the same effect. The law is thoroughly established in this State, that a deed of conveyance absolute in terms, may be shown by parol, to have been intended by the parties to operate only as a mortgage, and upon sufficient proof, although parol, courts of equity will so declare the instrument. We have no hesitation in declaring that under the uniform decisions of this State, if Hieronymous Bros. had owned the lands in question in fee, and to secure a loan of money from Adam Glass had executed to him an absolute deed of conveyance, upon sufficient proof, that the deed was intended merely as a security for the loan, a court of equity in this State would declare such to be its legal effect. In a court of equity Hieronymous Bros. having paid a part of the purchase money and holding a bond for title, are regard-

ed as the owners of the land. What sound reason in principle can be brought forward for holding in a court of equity, that the owner of an equity in land, less than the absolute legal fee, may not convey his equity with the same rights and subject to the same rule and principle as the owner of the legal fee? As matter of fact, The Alabama Land & Development Company had the deed executed direct to the respondent, but this was done only upon the written authority and by the direction of Hieronymous Bros. As between Hieronymous Bros. and Adam Glass, if it be true that the transaction was made for the purpose of securing a loan of money by the latter to the former, Hieronymous Bros. being in equity the owner of the property, a court of equity if necessary to prevent a wrong, would regard the conveyance as that of Hieronymous Bros. It may be that it is unnecessary to decide this precise question. We do decide that a transfer and conveyance of his interest by the owner of a perfect equity, to secure a loan by an instrument purporting to be an absolute conveyance, stands upon the same footing as the absolute conveyance of a legal fee, and that parol evidence is admissible to show that it was intended as a mere security for the loan of money.

In the case of *Parmer v. Parmer*, 88 Ala. 545, the facts were that H. A. Parmer owned a perfect equity in a certain tract of land, the legal title to which was vested in Mrs. Allen. H. A. Parmer desiring to secure a debt he owed to W. K. Parmer, procured the conveyance of the legal title by Mrs. Allen to W. K. Parmer and took from W. K. Parmer an agreement to reconvey to him upon the payment of the debt. This court held that these facts constituted the transaction a mortgage between H. A. Parmer and W. K. Parmer. We do not cite the case on the question of the effect of the statute of frauds, but as showing that the conveyance of the legal title by the holder at the request and for the benefit of the owner of the equity in the land, to secure a debt due from him to the grantee, constitutes the transaction a mortgage, subject to foreclosure and redemption. The same principle was recognized in the case of *Downing v. Woodstock Co.*, 93 Ala. 262, and held in *Hughes v. McKenzie*, 101 Ala. 415. We cannot adhere to the law as declared in *Mose-*

[Louisville & Nashville Railroad Co. v. Cowherd.]

*ley v. Moseley*, 86 Ala. 289, *supra*, and if there are expressions in other decisions which seem to sanction the law as there declared, they must be regarded as modified so as to conform to the present decision.

The decree of the chancery court is reversed and annulled, and a decree will be here rendered overruling the demurrer and the motion to dismiss the bill.

Reversed, rendered and remanded.