**HOOPER v. REED et al. (8 Div. 595.)**

(Supreme Court of Alabama. June 12, 1924.)

**1. Mortgages ⚖32(3)—Essential fact to declare an absolute deed mortgage is that it be security for debt.**

The power of a court of equity to declare an absolute deed a mortgage is unquestioned, the essential fact being the intention to secure a debt, whether mortgagor's debt or another's, and accepted by mortgagee as security.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Mortgages ⟨key⟩37(2)—That absolute deed is mortgage in fact may be shown by parol.**

That an absolute deed is in fact a mortgage and was given and accepted as security for a debt may be shown by parol.

**3. Frauds, statute of ⟨key⟩63(5), 129(5)—Mortgages ⟨key⟩274—Statute applies to mortgagor's oral assignment of equity of redemption unless assignee takes possession though part of price paid.**

If mortgagor, having given an absolute deed, in fact a mortgage, assigns his equity of redemption, assignee succeeds to right to be invested with legal title on payment of the mortgage debt, but where assigned orally, statute applies unless assignee takes possession; mere payment of part of purchase price being insufficient to avoid it.

**4. Frauds, statute of ⟨key⟩143(1) — Statute is personal defense.**

The statute is a personal defense, not available to a mortgagee for purpose of preventing purchaser of equity of redemption under an oral assignment from joining with mortgagor in suit to redeem.

**5. Frauds, statute of ⟨key⟩144—Mortgagor waived application of statute to oral assignment of equity of redemption by joining assignee in bill to redeem from mortgage.**

Mortgagor orally selling or assigning his equity of redemption may waive application of statute against assignee, and does so by joining the assignee in his bill affirming the sale and seeking redemption from the mortgage.

**6. Mortgages ⟨key⟩32(3)—Rights under oral assignment of right of redemption stated, assignee being also obligor in purchase-money notes given to mortgagor.**

Where A. contracted to sell land to B., who made part payment with money borrowed from C., causing A. to convey to C. by deed absolute in form, but in fact a mortgage to secure loan, the right of redemption being orally assigned to B., if B. obtained possession the equity of redemption passed to him with right, or redemption, to have legal title vested in him, subject to vendor's lien for balance of the price, and if possession did not pass equity of redemption remained in A., the mortgagor, and B. held under an executory contract of purchase, and legal title on redemption reverted to A. as vendor to be conveyed to B. when B. paid balance of price.

**7. Equity ⟨key⟩148(3)—Bill for accounting and redemption held not multifarious.**

Where A. contracted to sell land to B., who made part payment with money borrowed from C., causing A. to convey to C., by absolute deed, in fact a mortgage, to secure loan, A. orally assigning equity of redemption to B., a bill by A. and B. against C. for accounting and redemption held not demurrable as multifarious, since both parties had an interest in the property, and the equities could be developed on trial.

**8. Equity ⟨key⟩148(3) — Bill is not multifarious merely because it prays too much.**

Where vendor and purchaser filed bill for accounting and to redeem against vendor's mortgagee, that bill contained joint prayer for decree in favor of vendor foreclosing his vendor's lien against cocomplainant *held* not to render bill multifarious, as prayer could be treated as surplusage.

**9. Equity ⟨key⟩234 — Failure of bill to redeem from deed as mortgage to show intention of all parties should be raised by special demurrer.**

The defect, in a bill against grantee in deed for accounting and to redeem on theory that deed was mortgage, that it failed to show sufficiently that all parties intended deed to operate as mortgage, must be pointed out by special demurrer, or the court will not be put in error.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Bill in equity by Jerry Reed and Anna Coulter against A. R. Hooper, for accounting and redemption. From a decree overruling demurrer to the bill, respondent appeals. Affirmed.

D. Isbell, of Guntersville, for appellant.

Complainant Reed has no right to maintain the bill. Moseley v. Moseley, 86 Ala. 289, 5 South. 732. The right is alone in the mortgagor, Coulter. Woodruff v. Adair, 131 Ala. 530, 32 South. 515; Hicks v. Dowdy, 202 Ala. 535, 81 South. 37; 2 Mayfield's Dig. 1100. No binding, continuing debt was shown, which was necessary to establish the fact the conveyance was intended as a mortgage. West v. Hendrix, 28 Ala. 226; Peeples v. Stolla, 57 Ala. 53; Haynie v. Robertson, 58 Ala. 37; Douglass v. Moody, 80 Ala. 61. The amendment worked a change in the cause of action and rendered the bill multifarious. Ward v. Patton, 75 Ala. 207; Caldwell v. King, 76 Ala. 149; Mobile Bank v. Burke, 94 Ala. 125, 10 South. 328; Sims, Ch. Pr. 214; Force v. Age-Herald Co., 136 Ala. 276, 33 South. 866; Harrison v. Maury, 140 Ala. 523, 37 South. 361; Henry v. Tenn. L. S. Co., 164 Ala. 376, 50 South. 1029; McDaniel v. Turnipseed, 165 Ala. 189, 51 South. 757; Manegold v. Beavan, 189 Ala. 241, 66 South. 448; Webb v. Butler, 192 Ala. 287, 68 South. 369, Ann. Cas. 1916D, 815; Singer v. Singer, 165 Ala. 144, 51 South. 755, 29 L. R. A. (N. S.) 819, 138 Am. St. Rep. 19, 21 Ann. Cas. 1102; Ellis v. Vandergrift, 173 Ala. 142, 55 South. 781.

Rayburn, Wright & Rayburn, of Guntersville, for appellees.

No brief reached the Reporter.

BOULDIN, J. The case made by the amended bill is this: A. contracted to sell real estate to B. B. borrowed from C. the money to meet the cash payment, and caused A. to execute to C. an absolute deed of conveyance intended as a mortgage to secure the loan. Upon payment of the mortgage debt C. was to convey the property to B. B. gave A. his notes for the deferred payments of

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

purchase money. The entire agreement, so far as it defined the rights of B. rested in parol. Neither A. nor C. gave him any writing. Thereafter B. paid to C. all or a portion of the mortgage debt. and paid a portion of the deferred notes to A. A. and B. file a bill against C. for an accounting and redemption, and for general relief. There is an added prayer that the vendor's lien held by A. for balance on the deferred notes be foreclosed.

Demurrers assail the general equity of the bill, set up the statute of frauds, and attack the bill as multifarious.

The appeal is from a decree overruling the demurrers.

[1, 2] The power of a court of equity to declare a deed absolute in form to be a mortgage only is unquestioned. The essential fact is that it was intended as security for debt. It implies a debt due the mortgagee and a conveyance accepted as security therefor. These facts may be proven by parol evidence.

It is immaterial whether the debt secured is that of the mortgagor or the debt of another. One person may give a mortgage on his lands to secure the debt of another. When the debt is paid the mortgagor is entitled to have his property released. If a deed intended as a mortgage is given the same reason would entitle the grantor to have the title revested upon payment of the debt. All the incidents of an accounting and redemption apply in the one case as in the other.

[3] Now, if in the transaction, or thereafter, the mortgagor sells or assigns his equity of redemption, the purchaser would succeed to the right to be invested with the legal title on payment of the mortgage debt. The bill does not show that the purchaser, on payment of a portion of the purchase money, obtained possession of the property, unless this be implied from the averment that later on the purchaser agreed with the mortgagee that the latter was to collect and did collect the rents on the property for credit on the mortgage debt.

If the purchaser did not obtain possession, his mere payment of a portion of the purchase money would not take the case out of the statute of frauds. It was subject to be avoided by the vendor.

[4] But the statute of frauds is a personal defense. The mortgagee cannot set up the statute of frauds in the transaction as between the vendor and purchaser.

[5] The vendor may waive the statute, and does so by joining the purchaser in the bill affirming the sale and seeking a cancellation of the mortgage or redemption therefrom.

[6, 7] Is the bill multifarious? Both complainants have an interest in the property. If the purchaser paid part of the purchase money and obtained possession, the equity of redemption passed to him, subject to a vendor's lien in favor of the vendor for the balance due on the deferred purchase-money notes. In such event the decree, on redemption, should vest the legal title in the purchaser subject to such lien. If, however, the possession did not pass, the equity of redemption is still in the vendor, and the purchaser holds under an executory contract of purchase. In that event, the legal title, on redemption from the mortgage, should be revested in the vendor to be conveyed to the purchaser when he has paid the balance of the purchase-money notes. In either event both vendor and purchaser are proper parties complainant. It is immaterial to the respondent mortgagee that they pray for title on redemption to be conveyed to the purchaser. The matter of interest to the respondent is whether his deed is a mortgage. This the bill sufficiently avers. As said by the learned judge in his decree, the relief can be molded as the equities shall appear upon final hearing on pleadings and proof.

[8] It is an anomaly in equity pleading for two cocomplainants to jointly pray for a decree in favor of the one foreclosing his vendor's lien against the other. The bill is not multifarious, however, merely because it prays too much. This added prayer may be treated as surplusage.

[9] It is suggested in brief that the bill does not sufficiently show that all parties intended the deed to operate as a mortgage. If so, such defect was not pointed out by special demurrer. The court will not be put in error in such case.

The case of Moseley v. Moseley, 86 Ala. 289, 5 South. 732, relied upon by appellant, was departed from in Hieronymus v. Glass, 120 Ala. 46, 50, 23 South. 674. On second appeal of the case last cited (Glass v. Hieronymus, 125 Ala. 140, 145, 28 South. 71, 82 Am. St. Rep. 225) the Moseley Case was distinguished and held authority on the sole proposition that it must sufficiently appear that the deed was intended as security for debt. It may be further noted that in the Moseley Case the vendor parted with all interest in the property, retained no equity of redemption nor lien thereon. In this it is not in point here.

We find no reversible error in the record.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.