89 So.2d 170

**O. S. NOWELL**

v.

**Jack PATE.**

**4 Div. 873.**

Supreme Court of Alabama.

Aug. 2, 1956.

---

1.  Ante, p. 435.

J. Hubert Farmer, Dothan, for appellant.

Alto V. Lee, III, and Huey D. McInish, Dothan, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a judgment of the Houston Circuit Court, in Equity, sustaining respondent's demurrer to complainant's substitute bill of complaint. The purpose of the bill was to have a deed declared to be a mortgage. The bill further prayed for an accounting and that complainant be allowed to pay the amount of the indebtedness still due. In its judgment on the demurrer, the circuit court held that the bill is without equity and is vague and indefinite.

The facts appearing from the substitute bill are as follows: On or about the first of February, 1950, O. S. Nowell borrowed of the respondent, Jack Pate, the sum of $4,000 with which respondent was to pay a mortgage debt owed by the plaintiff to the Farmers and Merchants Bank of Ashford, Alabama, which debt was evidenced by a mortgage executed by plaintiff and his wife to the said bank in April, 1948. On or about the first of February, 1950, the respondent paid off the debt owed to the bank, and the bank transferred the aforesaid mortgage to respondent. On or about February 10, 1950, plaintiff borrowed from the respondent the further sum of $500, and on the same date he bought an electric refrigerator from the respondent for the sum of $390. On the same day, complainant and his wife executed a "general warranty deed" conveying the land in question to respondent. Since November 1, 1950, complainant has paid $2,500 to respondent on the debt, and at the time of the filing of the bill the sum of $4,000 was due and owing on the debt. The complainant has demanded of the respondent an itemized statement of the indebtedness, but respondent has refused to make such a statement, and claims that he owns the land and that complainant has no right of redemption in it. Complainant is in possession of the land and has been continuously since the deed was executed, and respondent has not filed any proceeding in court to gain possession of the land or to foreclose on the mortgage that was assigned to him by the bank.

The land which was conveyed by the deed is the same land which was the subject of the mortgage to the bank, and is worth $10,000.

The substitute bill of complaint alleges the deed was executed "with the understanding and agreement between plaintiff and defendant that said deed was intended as a mortgage on said land to secure the payment of the indebtedness owing by plaintiff to said defendant, and which indebtedness was to bear interest at the rate of 6% per annum; * * *" and "that said deed at the time it was executed and delivered as aforesaid was intended by both the plaintiff and the defendant as security for the debt owing by the plaintiff to the defendant."

■ A deed or conveyance of land, absolute upon its face, but intended and understood by the parties to be merely security for the payment of a debt, will be treated and regarded in equity as a mortgage conferring upon the parties the relative rights and remedies of mortgagor and mortgagee and nothing more. Cook v. Benton, 245 Ala. 683, 18 So.2d 405; Richardson v. Curlee, 229 Ala. 505, 158 So. 189, and cases cited therein.

In Hooper v. Reed, 211 Ala. 451, 100 So. 875, 876, the court said:

"The power of a court of equity to declare a deed absolute in form to be a mortgage only is unquestioned. The essential fact is that it was intended as security for debt. It implies a debt due the mortgagee and a conveyance accepted as security therefor. These facts may be proven by parol evidence."

In the case of Fowler v. Haggins, 209 Ala. 176, 95 So. 816, 817, in considering the sufficiency of a bill to have a deed declared a mortgage, the court said:

"There is equity in the bill. A court of equity has jurisdiction to declare an instrument, absolute on its face, conveying, unconditionally, title to real or personal property, or both, a mortgage, and to permit the grantor to redeem upon averment and proof that the parties intended it to operate only as security for a debt (Richter v. Noll, 128 Ala. 198, 30 So. 740; Hammett v. White, 128 Ala. 380, 29 So. 547), but the bill must aver the conveyance was given as security for a debt (Smith v. Smith, 153 Ala. 504, 45 So. 168).

"The bill avers the deed was executed to and received by the defendant solely for the purpose of securing the defendant for the $710 advance or settlement, or for a transfer of the mortgage; that 'the deed was not intended to act as an absolute conveyance, and was not executed or accepted for that purpose, but was and is in fact only a mortgage held by the respondents as security for said indebtedness, which indebtedness should be credited, as provided for in the contract set out in paragraph 3, with the timber, lumber, and rents as herein averred.' The averments of this bill are sufficient to give it equity. Richter v. Noll, 128 Ala. 198, 30 So. 740; Hammett v. White, 128 Ala. 380, 29 So. 547; Smith v. Smith, 153 Ala. 504, 45 So. 168."

■■ The only question for decision is the sufficiency of complainant's substitute bill of complaint. The substitute bill was filed after demurrers had been sustained to the original bill and to the original bill as twice amended. The substitute bill recites that the deed which complainant seeks to have declared a mortgage is attached to the substitute bill, but the record reveals that the deed was not so attached. The deed was attached to the original bill, but the voluntary filing of the substitute operated as a withdrawal of the original bill and it is not before us except as a part of the history of the case. Pope v. Town of Watertown, 136 Conn. 437, 72 A.2d 235; Yancy v. Teter, 39 Ind. 305. For this reason, the deed itself is not before the court and our decision must rest solely on the averments of the substitute bill. 71 C.J.S., Pleading, § 321, p. 716; McGowin v. McGowin, 232 Ala. 601, 169 So. 232;

Moates v. City of Andalusia, 254 Ala. 629, 49 So.2d 294.

 The essential fact to characterize a deed as a mortgage is that the conveyance was given as security for a debt subsisting between the parties at the time of the execution of the conveyance. Lewis v. Davis, 198 Ala. 81, 73 So. 419. This fact is sufficiently shown by the allegations that the deed was understood and intended by all parties to be security for the debts and by the facts alleged which indicate that such was the intention of the parties. The facts alleged bring the bill under the rule as stated in Turner v. Wilkinson, 72 Ala. 361, in which the court said:

> "Although it is difficult to establish fixed rules, by which to determine whether a particular transaction is a mortgage, or a conditional sale, there are some facts which are regarded as of controlling importance in determining the question. Did the relation of debtor and creditor exist, before and at the time of the transaction? or, if not, did the transaction commence in a negotiation for a loan of money? Was there great disparity between the value of the property, and the consideration passing for it? Is there a debt continuing, for the payment of which the vendor is liable? If any one of these facts is found to exist, in a doubtful case, it will go far to show a mortgage was intended. If all of them are found concurring, the transaction will be regarded as a mortgage, rather than a conditional sale, unless the purchaser, by clear and convincing evidence, removes the presumptions arising from them.—Eiland v. Radford, 7 Ala. 724; Robinson v. Farrelly, 16 Ala. 472; Locke v. Palmer, 26 Ala. 312; Crews v. Threadgill, 35 Ala. 334; Mobile B. & L. Ass'n v. Robertson, 65 Ala. 382. * * *"

See also Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670.

It is, therefore, our opinion that the complainant's substitute bill of complaint does contain equity and that the respondent's demurrer was due to have been overruled. The judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

LAWSON, STAKELY and MERRILL, JJ., concur.