103 So.2d 757

**O. S. NOWELL**

v.

**Jack PATE.**

**4 Div. 914.**

Supreme Court of Alabama.

May 22, 1958.

Rehearing Denied June 19, 1958.

J. Hubert Farmer, Dothan, for appellant.

Lee & McInish, Dothan, for appellee.

LAWSON, Justice.

In 1948 O. S. Nowell was indebted to The Farmers & Merchants Bank, Ashford, Alabama. The debt which was evidenced by a promissory note was secured by a mortgage on approximately ninety-one acres of land in Houston County and on certain items of personal property.

On February 1, 1950, the note and mortgage were transferred by the Bank to Jack Pate. At that time the amount of the mortgage debt was approximately $4,000.

Shortly thereafter, on February 10, 1950, O. S. Nowell and his wife, Ludie Mae Nowell, executed a written instrument concerning the said ninety-one acres of land covered by the mortgage, which instrument in pertinent parts reads:

"The State of Alabama, Houston County

"Know All Men By These Presents, That, We, O. S. Nowell and wife, Ludie Mae Nowell, for and in consideration of......One Thousand Dollars and other good and valuable considerations......Dollars to us in hand paid by Jack Pate, the receipt whereof we do hereby acknowledge, do hereby grant, bargain, sell, enfeoff, and confirm and convey unto the said Jack Pate, the following-described real estate, lying in the County of Houston, State of Alabama—to-wit:

\* \* \* \* \* \*

Grantors are granted the right, option and privilege of repurchasing the aforementioned property from Grantee on or before November 1, 1950, by paying Grantee the sum of $4,890, together with 6% interest thereon from November 1, 1949, to date of said payment. Should Grantors fail to pay said amount on or before November 1, 1950, they shall have no further right or interest, including equity of redemption, if any they have, in and to said property.

"To Have And To Hold the aforegranted premises to the said Jack Pate, his heirs and assigns Forever. \* \* \*"

O. S. Nowell did not pay the sum of $4,890 with interest on or before November 1,

1950. However, he continued to live on and farm the mortgaged property and was so doing when he filed his original bill against Jack Pate in the circuit court of Houston County, in equity, on May 26, 1955, for the purpose of regaining the legal title to the ninety-one acres of land. Demurrer was sustained to the original bill and to several amendments thereto, whereupon the complainant, Nowell, filed his "Substituted Bill of Complaint." Demurrer was sustained to the substitute bill. Nowell appealed to this court from the decree sustaining Pate's demurrer to the substitute bill. We entered a decree reversing the decree appealed from and remanded the cause for further proceedings. Nowell v. Pate, 264 Ala. 644, 89 So.2d 170.

After remandment the respondent, Pate, filed his answer to the substitute bill, which was not amended. Within a short while the issues thus made came on for trial. All of the testimony on that trial was heard orally by the trial judge, who entered a decree in favor of the respondent, Pate. The complainant's bill was dismissed. From that decree the complainant, Nowell, has appealed.

■ If we construe the substitute bill correctly, complainant does not seek a cancellation of the written instrument under date of February 10, 1950, on the ground that the grantee therein, Jack Pate, who held a mortgage on the suit property by virtue of the transfer from the bank, caused complainant to execute the instrument in question in lieu of foreclosure of the mortgage for an inadequate consideration by means of oppression, undue influence or fraud. While there is some proof tending to show inadequacy of consideration, there is absolutely no evidence going to show oppression, undue influence or fraud on the part of Pate. However, it is not necessary in a bill seeking to invoke that principle to aver that the grossly inadequate consideration resulted from fraud, undue influence or unconscionable advantage exercised by the mortgagee over

the mortgagor. See Morgan Plan Company, Inc., v. Bruce, 262 Ala. 314, 78 So.2d 650, where we repudiate our holding in Johnson v. Maness, 232 Ala. 411, 168 So. 452.

■ Complainant seeks to have the instrument of February 10, 1950, declared to be a mortgage and that he be allowed to redeem the suit property in an exercise of the equity of redemption on the theory that both parties intended that the instrument operate only as a security. See Nowell v. Pate, 264 Ala. 644, 89 So.2d 170. It is, of course, well established by our cases that although an instrument may on its face appear to be a sale with the right given the grantor to repurchase, it may be shown by parol evidence in a proceeding of this kind that the parties intended that the instrument operate only as a mortgage. Eiland v. Radford, 7 Ala. 724; McKinstry v. Conly, 12 Ala. 678; Swift v. Swift, 36 Ala. 147; Mobile Bldg. & Loan Ass'n v. Robertson, 65 Ala. 382; Nelson v. Wadsworth, 171 Ala. 603, 55 So. 120; Morton v. Allen, 180 Ala. 279, 60 So. 866, L.R.A. 1916B, 11. The principles applicable in a proceeding of this kind have been stated and repeated many times by this court. See Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670.

■ An instrument cannot operate at one and the same time as a mortgage and a conditional sale, these two classes of conveyances being chiefly distinguished by the existence of a debt in the former and its non-existence in the latter. Vincent v. Walker, 86 Ala. 333, 5 So. 465. But in many instances the ascertainment of the existence of a debt is attended with as much difficulty as the decision of the main question. Reeves v. Abercrombie, 108 Ala. 535, 19 So. 41.

■ There are some circumstances which support each contestant. However, we are clear to the conclusion after a careful consideration of the record before us that the parties intended at the time the

instrument was executed that it operate according to its plain language, that is, as a deed with the right of Nowell to repurchase within the time specified, and that it was not the intention of either of them at that time that the instrument should operate as a mortgage. The evidence shows, in our opinion, that Nowell has continued in possession of the property as a tenant of Pate, to whom he has consistently executed rent notes.

The decree of the trial court is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.