WRIGHT, Presiding Judge.
This is an action to have a deed of mineral acreage declared an equitable mortgage and to have the mortgage indebtedness determined. Judgment after oral hearing was for the plaintiff Faircloth. Defendant Roberson appeals.
Plaintiff and defendant were in the respective relationship of debtor-creditor for a period of several months prior to September 2, 1976. On more than two occasions plaintiff had borrowed money from defendant. Loans had occurred with and without the giving of security. There was one occasion on which plaintiff had given defendant a mortgage on mineral acreage as security for a loan of six hundred fifty or more dollars. Plaintiff testified that on September 2, 1976 he repaid all loans and was not indebted to defendant. Defendant testified *1225 that plaintiff owed him a balance on the mortgage on September 2, 1976.
It was undisputed that on September 2, 1976 plaintiff requested a loan of money from defendant. There is no dispute that defendant loaned plaintiff a sum of money on that date. It is further undisputed that plaintiff executed a warranty deed conveying the defendant five mineral acres of land, and contemporaneously defendant executed an instrument agreeing to sell to plaintiff the mineral acreage described in the deed upon the payment of $665 on or before September 25, 1976. That instrument subsequently was endorsed by defendant agreeing to extend the time for purchase until October 25, 1976 for a purchase price of $775. Plaintiff failed to pay by October 25. Defendant recorded the deed and refused plaintiff’s offer of payment thereafter.
Plaintiff was permitted, over objection of defendant, to testify that the deed was not intended to be a sale and conveyance but was to be held as security for a loan. The deed was not to be recorded but was to be returned when the loan was paid. The plaintiff was also permitted to testify over objection that the time for repayment or repurchase under the written agreement was extended by oral agreement on the 26th of October until December 25, 1976. He testified that it was agreed that he would pay to defendant $65 per week until December 25. There was evidence that he made two of those weekly payments, though defendant said they were upon a separate debt. Plaintiff further testified that after recording the deed, defendant informed him of the amount of indebtedness due. When he offered a cashier’s check in that amount, defendant refused to accept it.
The first issue presented by defendant on appeal is that the court erred in allowing parol testimony concerning the deed and written agreement to sell the mineral acreage back to plaintiff. Defendant relies upon the general principle that parol evidence is not admissible to vary the terms of a written instrument. Such reliance in this case is misplaced. In an action to declare a deed absolute on its face to be a mortgage, the essential fact to be established is that the deed was intended as security for a debt. Such fact may be proved by parol evidence. Nowell v. Pate, 264 Ala. 644, 89 So.2d 170 (1956); Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670 (1953); Hooper v. Reed, 211 Ala. 451, 100 So. 875 (1924).
The second and third issues are in reality one and that is whether the plaintiff met the burden of proving that the deed was in fact not intended to be a conveyance but security for payment of a debt.
The principle supporting an action to have a deed, absolute on its face, declared a mortgage arises in equity. That principle has been expressed in many cases as follows: Equity looks through form to substance. Smith v. Thompson, 203 Ala. 87, 82 So. 101 (1919). Equity regards the substance not the form, and it matters not what form the transaction may assume. If it was intended by the parties to accomplish the securing of a debt, equity regards the transaction as a mortgage. Lewis v. Hickman, 200 Ala. 672, 77 So. 46 (1917).
The opinion in the case of Cousins v. Crawford, Supra, written by a distinguished jurist over twenty-five years ago, is a well-researched and erudite relation of the many principles of law applicable to cases of this kind. We have neither the time nor inclination to repeat all of them here but refer readers of this decision to that opinion. However, it is necessary to restate some elements of proof regarded of controlling importance in answering the question of whether a transaction is to be determined an absolute sale with the right to repurchase or a mortgage. Such elements are: Did the relation of debtor and creditor exist before and at the time of the transaction? Or, did the transaction commence in a negotiation for a loan of money? Was there great disparity between the value of the property and the consideration shown to have been paid? Is there a debt continuing for the payment of which the vendor is liable?
*1226 “If any of these facts are found to exist in a doubtful case, it will go far to show a mortgage was intended.” Cousins v. Crawford, 258 Ala. 590, 599, 63 So.2d 670, 678.
The evidence in this case supports a finding of the existence of each of the above elements. There was an existing debtor-creditor relationship. The transaction involved commenced with a request for a loan of money by plaintiff from defendant. There was great disparity between the $665 stated as consideration in the deed and the nine to twelve thousand dollars shown to be the actual fair market value. There was also evidence that there was a continuing debt. It was undisputed that it was agreed between the parties that the deed was to be held without recording from September 2 to September 25 and by extension for an additional consideration until October 25, 1976. It was intended that the deed not be effective unless that time expired without payment of the debt. Also available for consideration in determining intent is the admitted fact that defendant did not notify the lessee of the mineral rights, Exxon, of his title until some two months after the deed was recorded. It is also for consideration that plaintiff’s wife did not sign the deed. It is our judgment that in considering and weighing the parol testimony as to the intent and purpose of the transaction, the trial court was at liberty to view the agreement to sell executed by defendant contemporaneously with the deed and for the same consideration, as a defeasance of the deed and as forming one transaction therewith. Palmer v. Lundy, 293 Ala. 463, 305 So.2d 369 (1974).
When the evidence and overt acts of the parties are considered in light of the presumption of correctness of the judgment of the trial judge after oral hearing, we cannot find the judgment erroneous.
As a fourth issue, defendant contends the court erred in ruling against his defense of the Statute of Frauds. We are unable to see the applicability of the Statute of Frauds except as a defense against the enforcement of the agreement to resell. Defendant contends that the claim of plaintiff that the agreement was orally extended is void as against the statute. The court did not direct the enforcement of the agreement, but rather found the deed to be in fact a mortgage. Therefore, the issue appears to be moot. However, the oral extension of time for payment of a mortgage is not in violation of the Statute of Frauds. Land v. Cooper, 250 Ala. 271, 34 So.2d 313 (1948); Woolen v. Taylor, 241 Ala. 316, 2 So.2d 413 (1941).
Finding no error below we affirm the judgment.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.